2007 ME 71

**In Re THOMAS H. et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 29, 2007.

Decided: June 7, 2007.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. Gen., Maura Keaveney, Asst. Atty. Gen., Augusta, for appellant.

Joseph M. Wrobleski Jr. Esq., Saco, Diane Edgecomb, Esq., Gorham, for appellees.

Glenda Lovell, Esq., Kennebunkport, Guardian ad Litem.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] The Department of Health and Human Services appeals from a judgment entered in the District Court (Springvale, *Foster, J.*) following a remand from this Court. For the second time, the District Court denied the Department's petition to terminate the parental rights of the mother and father of Thomas H. and Rose H. The Department contends that the court erred in failing to adequately justify its decision that termination is not in the best

interest of the children, and that the evidence compels a finding that termination is in the children's best interest. We vacate the judgment.

## I. BACKGROUND

[¶ 2] In 2000, the Department began child protection proceedings for this family. In its first child protection petition, the Department alleged issues of domestic violence, unstable interpersonal relationships, substance abuse, and mental health. In September of 2003, the Department petitioned the court for termination of the mother and father's parental rights.

[¶ 3] By order dated January 26, 2005, the court found that both parents were unfit because they were unwilling or unable to protect the children from jeopardy and unwilling or unable to take responsibility for the children within a time reasonably calculated to meet the children's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii) (2006). The court stated: "There is really no question that additional time on these efforts will not change the outcome. Each parent has achieved the optimal level of functioning and neither is able to take responsibility or protect the children from jeopardy on a daily basis." The court also noted that the foster parents wished to adopt the children if parental rights were terminated. Nevertheless, the court found that termination was not in the children's best interest, and denied the petition for termination on that ground. With regard to best interest, the court found that:

> [the] children have reached equilibrium. They are cared for in a loving home that meets their physical and emotional needs, ensures their safety, and provides them with security sufficient to deal with the world as it is currently constituted, including ongoing and extended visitation with their mother. Neither child is in need of special services or presents,

at this time, with behaviors that could be attributed, rightly or wrongly, to the impermanence of foster care. They enjoy a continued connection with their family of origin, including their maternal grandmother, even as they benefit from the care and support which that family is unable to provide. [In] what way could terminating this balance be in [the children's] best interest?

The court ordered that the children not be returned to the custody of either parent, but also that the children not be adopted and not be referred for legal guardianship proceedings. The order effectively consigned the children to permanent foster care. The Department appealed to us from the denial of its petition to terminate.

[¶ 4] We vacated the District Court's judgment denying termination, concluding that the court's finding as to what was in the children's best interest—and the sole finding on which the court based its decision to deny the petition for termination— was insufficient to overcome the strong statutory preference for permanency in the lives of the children. *In re Thomas H. (Thomas I)*, 2005 ME 123, ¶ 36, 889 A.2d 297, 310. We said that the court's "analysis did not ... weigh ... the farther-reaching consequences of long-term foster care," and that "[m]aintaining the status quo because 'children have reached equilibrium' or because they do not currently need special services is not, without more, a compelling reason sufficient to warrant long-term foster care." *Id.* ¶¶ 31, 32, 889 A.2d at 308. We concluded that "courts must consider the statutorily mandated concept of permanency when making best interest determinations ... and ... must specifically determine whether a compelling reason exists that supports a disposition that will result in long-term foster care." *Id.* ¶ 30, 889 A.2d at 307. Because the decision of the District Court failed to

reflect an adequate consideration of the effects on the children of long-term foster care in evaluating their best interest in line with the statutory preference for permanency, we remanded the matter "for the court to reconsider whether a compelling reason establishes that the continued impermanence of long-term foster care is in the best interests of [the children]." [1] *Id.* ¶ 36, 889 A.2d at 310. We also gave the District Court discretion to receive additional evidence in reconsidering the children's best interest. *Id.*

[¶ 5] Following remand, and without taking any further evidence,[2] the court denied the Department's petition for termination of parental rights a second time, again based only on its finding that termination was not in the best interest of the children. The court reasoned:

> the children have not been subjected to the "foster care drift" that has fueled the effort to reduce reliance on foster care. They have been cushioned in a foster home that has allowed them to thrive and develop a sense of belonging and attachment. And they have done so while still maintaining positive, regular contact with their mother. Again, the benefits of that contact are not simply theoretical. [The children] enjoy the visits, look forward to them, and derive real satisfaction and comfort from that contact. It would be detrimental to both of them to terminate that relationship and would not provide any countervailing benefit. The specific facts of this case, while not consistent with the theoretical underpinning of the Act, create a compelling reason to support the conclusion that long-term foster care will serve the children's best interest over both the short and long-term. The benefits of

such an arrangement outweigh the more permanent alternative of termination and potential adoption. It offers continued, appropriate contact with a parent with whom the children have a strong connection, while looking toward the foster family to provide the daily support, maintenance and nurturing that the parent … cannot offer. The loss of either element would not be in the children's best interest. Thankfully, both can be maintained under either a transfer of custody to the foster parents, a guardianship, or long-term foster care.

The Department appeals from this second decision denying its petition for termination of parental rights.

## II. DISCUSSION

■ [¶ 6] The findings and the rationale given by the court in its decision on remand denying the petition to terminate a second time, in spite of the continued impermanence that results from the decision, differs little from the findings and the rationale employed by the court in its first order denying termination. That rationale is that the children's needs are currently being met in their loving and stable foster home, but that the children continue to enjoy a connection with their biological family. We already concluded in *Thomas I*, however, that such a justification was inadequate and insufficient to support a result that consigns children to permanent foster care with no hope of either reunification with their biological family or adoption by their foster family. "[A] reason more compelling than a finding that the children are currently doing well in foster care and enjoying a continued connection with their family of origin is required be-

---

1. A full discussion of the underlying facts, and our disposition of the appeal, may be found at *In re Thomas H.*, 2005 ME 123, 889 A.2d 297.

2. The court and the parties agreed that no further testimony was necessary on remand.

fore the children are consigned to the instability and impermanence of long-term foster care." *Thomas I,* 2005 ME 123, ¶ 35, 889 A.2d at 309–10.

■ [¶ 7] Moreover, the court's best interest determination is also inconsistent with findings it has made subsequent to its second order denying termination of parental rights. By judicial review order dated October 16, 2006, the court stated:

The primary issue before the Court for trial was the Department's decision to curtail the visitation between each parent and the children. The Court finds that the Department's determination that the *visitation schedule of every-other week for two hours with each parent is detrimental to the children* is supported by the preponderance of the evidence. The Court sanctions the Department's intent to *decrease the visitation further,* aided by the recommendation of the therapist(s) and the Guardian ad litem.

(Emphases added.) *See* 22 M.R.S. § 4038 (2006). These latest findings by the court—that the children's visits with their parents have become "detrimental to the children," and that two-hour visits every other week are excessive and therefore should be decreased—are inconsistent with the court's finding in its second termination order that the children continue to benefit from visits with their parents to such an extent that such visits alone preclude termination of the parents' rights.

■ [¶ 8] The best interest determination made by the court after remand, without taking additional evidence, is not sufficient to overcome the statutory preference for permanency, which we discussed at length in *Thomas I,* 2005 ME 123, ¶¶ 23–

30, 889 A.2d at 303–08. That the children must continue to live in a state of impermanency, reflected in the fact that they must endure these ongoing judicial review hearings, well illustrates why the child protection statutes strongly favor permanency in the lives of children.

[¶ 9] We must therefore remand the matter to the District Court for a second time, in order for the court to take new evidence to consider once more its best interest determination in light of both our decision in *Thomas I,* and the court's own more recent findings that biweekly visits from the parents are excessive and detrimental to the children.[3] Because of the need to expedite a resolution for the children, the next hearing and the decision resulting therefrom should be completed within ninety days of remand.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.

---

**3.** We note that the last testimonial hearing from which the court made factual findings occurred almost three years ago, in June of 2004. Although the court conducted evidentiary hearings in July and August of 2005, no findings based on the evidence presented at those hearing were issued by the court.